*United States v. Dai*

# United States Court of Appeals
# For the Second Circuit

---

August Term 2023
Argued:   January 22, 2024
Decided:   April 24, 2024

No. 23-8081

---

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

PATRICK DAI,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of New York
No. 3:23-cr-478, Brenda K. Sannes, *Chief Judge.*

---

Before:        PARKER, LOHIER, and PARK, *Circuit Judge*s.

Defendant-Appellant Patrick Dai seeks release pending trial for allegedly making interstate threats of violence against Jewish students at Cornell University.   The government may seek pretrial detention of defendants charged with "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. § 3142(f)(1)(A).   Dai argues that this provision does not apply to him because the charge against him—a violation of 18 U.S.C. § 875(c)—is punishable by at most five years in prison.   Specifically, he argues that the modifier "for which a maximum term of imprisonment of 10 years or more is prescribed" applies to "crime of violence," which would mean that crimes of violence punishable by less than 10 years, like § 875(c), fall outside its reach.   The district court rejected Dai's argument, and he now appeals.   We affirm and hold that § 3142(f)(1)(A) permits the government to seek detention of defendants charged with any crime of violence.

————

JAMES P. EGAN, Assistant Federal Public Defender, *for* Lisa Peebles, Federal Public Defender for the Northern District of New York, Syracuse, NY, *for Defendant-Appellant*.

MICHAEL D. GADARIAN, Assistant United States Attorney (Rajit Sing Dosanjh, Assistant United States Attorney, *on the brief*), *for* Carla B. Freeman, United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee*.

————

PARK, *Circuit Judge*:

Defendant-Appellant Patrick Dai seeks release pending trial for allegedly making interstate threats of violence against Jewish students at Cornell University. The government may seek pretrial detention of defendants charged with "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. § 3142(f)(1)(A).[1] Dai argues that this provision does not apply to him because the charge against him—a violation of 18 U.S.C. § 875(c)—is punishable by at most five years in prison. Specifically, he argues that the modifier "for which a maximum term of imprisonment of 10 years or more is prescribed" applies to "crime of violence," which would mean that crimes of violence punishable by less than 10 years, like § 875(c), fall outside its reach. The district court rejected Dai's argument, and he now appeals. We affirm and hold that § 3142(f)(1)(A) permits the government to seek detention of defendants charged with any crime of violence.

## I. BACKGROUND

In late October 2023, in the wake of Hamas's October 7 terrorist attack against Israel, Cornell University Police contacted the FBI

---

[1] Section 3142(f) provides in relevant part: "The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—(1) upon motion of the attorney for the Government, in a case that involves—(A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed."

3

about posts in an online forum threatening violence against Jewish students at Cornell.   The FBI's investigation identified Patrick Dai, a Cornell student, as the likely author.   A criminal complaint charged Dai with one count of making an interstate threat of violence, in violation of 18 U.S.C. § 875(c).

At Dai's initial appearance, the government moved to detain him pending trial under § 3142(f)(1)(A).   It argued that a violation of § 875(c) is a crime of violence, which falls within § 3142(f)(1)(A), and that detention was appropriate in light of Dai's personal history and characteristics.

Dai opposed detention on two grounds.   First, he argued that the final clause of § 3142(f)(1)(A)—"for which a maximum term of imprisonment of 10 years or more is prescribed"—applies across the entire subsection, thus excluding § 875(c), which is punishable by not more than five years in prison.   Second, he argued that detention was inappropriate under the circumstances of his case.

The magistrate judge (Dancks, *M.J.*) concluded that pretrial detention was warranted because § 3142(f)(1)(A) reaches all crimes of violence—not only those punishable by 10 years or more in prison. The magistrate judge also found that no condition or combination of conditions could reasonably assure Dai's presence at trial and the safety of both Dai and the broader community.[2]   The district court

---

[2]  Dai's appeal is limited to the interpretation of § 3142(f)(1)(A).

(Sannes, *C.J.*) affirmed the magistrate judge's decision.[3] Dai now seeks our review.[4] *See* 18 U.S.C. § 3145(c); Fed. R. App. P. 9.

## II.    ANALYSIS

The sole issue before us is one of statutory interpretation: Does the phrase "for which a maximum term of imprisonment of 10 years or more is prescribed" modify "crime of violence" in § 3142(f)(1)(A)? The answer is "No."

Under 18 U.S.C. § 3142(f)(1), the government may seek detention pending trial of defendants charged with certain offenses. Those offenses include "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." *Id*. § 3142(f)(1)(A).

Dai argues that this last phrase—"for which a maximum term of imprisonment of 10 years or more is prescribed"—applies to each

---

[3] The government alternatively sought Dai's detention on the grounds that he posed a serious flight risk. *See* § 3142(f)(2)(A). It argued that Dai's ties to China—Dai visited family there in 2011 and his father is a Chinese citizen with lawful permanent residence here—and his risk of suicide made him a flight risk. The magistrate judge agreed, but the district court disagreed. It concluded that Dai's ties to China, without more, could not render him a serious flight risk. The district court also concluded that the risk that a defendant might commit suicide is not a risk that the defendant will flee under the bail statutes. *See, e.g., United States v. Storme*, 83 F.4th 1078, 1083 (7th Cir. 2023). We do not reach this issue because we conclude that detention was permitted by § 3142(f)(1)(A).

[4] On January 30, 2024, we issued an order affirming the district court and said that an opinion would follow. This is that opinion.

of the statute's three categories of offenses. In other words, Dai would have us interpret this provision to encompass those charged with: (1) a crime of violence for which a maximum term of imprisonment of 10 years or more is prescribed, (2) a violation of § 1591 for which a maximum term of imprisonment of 10 years or more is prescribed, or (3) an offense listed in § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed.

We reject this argument and agree with the government's interpretation. The ordinary reading of § 3142(f)(1)(A) is that a defendant may be eligible for detention if charged with one of three types of offenses: (1) a crime of violence,[5] (2) a violation of § 1591 (sex trafficking of children or by force, fraud, or coercion), or (3) an offense listed in § 2332b(g)(5)(B) (federal crimes of terrorism) for which a maximum term of imprisonment of 10 years or more is prescribed.

First, the government's reading avoids surplusage. As Dai concedes, all violations of § 1591 are punishable by more than ten years, so applying "10 years or more" to § 1591 adds nothing. "Remove it from the statute, and what is left will make the exact same people eligible (and ineligible) for [detention]." *Pulsifer v. United States*, 144 S. Ct. 718, 731 (2024). Although "[t]he canon against surplusage is not an absolute rule," *Marx v. Gen. Revenue Corp.*, 568

---

[5] For purposes of § 3142, a "crime of violence" includes offenses that have, as an element, "the use, attempted use, or threatened use of physical force against the person or property of another," as well as "any felony under chapter 77, 109A, 110, or 117" of Title 18. 18 U.S.C. § 3156(a)(4). Dai does not dispute that violations of § 875(c) are crimes of violence under that definition, so we assume as much here.

6

U.S. 371, 385 (2013), "courts should avoid statutory interpretations that render provisions superfluous," *State St. Bank & Tr. Co. v. Salovaara*, 326 F.3d 130, 139 (2d Cir. 2003). Dai's reading would "negate one of three . . . provisions in the very paragraph he is trying to interpret," *Pulsifer*, 144 S. Ct. at 731, rendering § 1591 redundant.

Second, the government's reading makes grammatical sense. Reading "10 years or more" to apply only to the phrase to which it is attached is consistent with the statute's punctuation. No comma separates the phrase from the third category of offenses, which suggests that the two are directly connected. *Cf., e.g., Facebook, Inc. v. Duguid*, 592 U.S. 395, 403-04 (2021) ("'A qualifying phrase separated from antecedents by a comma is evidence that the qualifier is supposed to apply to all the antecedents instead of only to the immediately preceding one.'" (quoting William N. Eskridge, Jr., INTERPRETING LAW: A PRIMER ON HOW TO READ STATUTES AND THE CONSTITUTION 67-68 (2016)). Unlike the statutory language at issue in *Duguid*, no comma separates the last category of offenses, suggesting that the rule of the last antecedent does not apply.

Finally, the government's reading is supported by statutory history. Congress had multiple opportunities to write the limitation Dai would have us impose. Section 3142(f)(1)(A) originally included only the first of its three categories, so a defendant charged with any crime of violence was eligible for a detention hearing. Pub. L. No. 98-473, Title II, ch. I, § 203, 98 Stat. 1837, 1979 (1984). In 2004, Congress amended the statute to add "or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." Pub. L. No. 108-458 § 6952, 118 Stat. 3638, 3775 (2004). So from 2004 until 2008, the government could

7

seek detention under § 3142(f)(1)(A) if a defendant was charged with either "a crime of violence, *or* an offense listed in § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." § 3142(f)(1)(A) (2005) (emphasis added). In 2008, Congress enacted today's version when it added "a violation of section 1591" between "crime of violence" and "an offence listed in § 2332b(g)(5)(B)." Pub. L. No. 110-457 § 224, 122 Stat. 5044, 5072 (2008). But it did not move "10 years or more" forward to apply to all three categories.[6] Nor did it add a comma before the "10 years or more" language.[7] This statutory history shows that Congress added one category of offenses in 2004 and another in 2008, but did not on either occasion alter the scope of the original category of offenses—crimes of violence.

We thus agree with the government's reading of § 3142(f)(1)(A).

## III.  CONCLUSION

For all these reasons, we affirm the district court's decision to detain Dai pending trial.

---

[6] In other words, Congress could have amended § 3142(f)(1)(A) to read, "an offense for which a maximum term of imprisonment of 10 years or more is prescribed and is a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B)." That structure would have paralleled the one used in § 3142(f)(1)(C) since the Bail Reform Act's enactment, *see* 98 Stat. 1979, and might support Dai's understanding. But Congress chose a different path.

[7] Again, to demonstrate: "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B), for which a maximum term of imprisonment of 10 years or more is prescribed."